

# IN THE DISTRICT COURT FOR THE FOURTEENTH JUDICIAL DISTRICT
## TULSA COUNTY, STATE OF OKLAHOMA

| | | |
|---|---|---|
| GAIL FRITZ, individually and as Mother and next friend of R. F., a minor Child, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CJ 2009 05345 |
| DOVE SCIENCE ACADEMY FOUNDATION – TULSA, INC., A Charter School, | ) ) ) ) | J. MICHAEL GASSETT<br>DISTRICT COURT<br>**F I L E D** |
| Defendant. | ) ) | JUL 2 1 2009 |

## PETITION

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

### I.    Preliminary Statement

1. This is an action against Dove Science Academy Foundation – Tulsa, Inc. for negligence under the Oklahoma Governmental Tort Claims Act and for sex discrimination in education pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, *et seq.*

2. Plaintiff's minor child R. F. was repeatedly and severely bullied and sexually harassed by fellow students at the Dove Science Academy after responsible school officials who were empowered to take corrective action knew or reasonably should have known of the bullying and sexual harassment.

3. After learning of the sexual harassment of the plaintiff's child by fellow students, responsible school officials but failed and refused to take reasonable and adequate corrective action to stop or control the sexual harassment, and were thereby deliberately indifferent to the safety and well-being of the plaintiff's child.

## II. Parties

4. Plaintiff Gail Fritz is the mother of R. F., a minor child. The plaintiff and R. F. reside in Tulsa, Tulsa County, State of Oklahoma.

5. Defendant Dove Science Academy Foundation – Tulsa, Inc. (hereafter "Dove Foundation") is an Oklahoma corporation that regularly does business in Tulsa County, State of Oklahoma. Defendant Dove operates Dove Science Academy under contract with the Tulsa Public School District as a charter school under the Oklahoma Charter School Act. Dove Science Academy is located in Tulsa, Tulsa County, State of Oklahoma.

6. Defendant Dove Foundation is the recipient of federal financial assistance within the meaning of Title IX of the Education Amendments Act of 1972.

7. Defendant Dove Foundation is an agency subject to the provisions of the Oklahoma Governmental Tort Claims Act in the operation of the Dove Science Academy as a Charter School.

## III. Factual Statement

8. R. F. began attending Dove Science Academy in the Fall 2008 semester. R. F. was excited about the curriculum at Dove and had looked forward to attending Dove throughout the preceding summer.

9. Almost immediately after the school semester began, other Dove students repeatedly and frequently subjected R. F. to increasingly severe and pervasive bullying and sexual harassment. At first, the harassment was verbal in nature and consisted of sexual taunts and name-calling. The harassment and bullying escalated into threats of sexual acts and violence against R. F. And finally, the sexual harassment and bullying

became physical in nature with the other students repeatedly grabbing and touching R. F.'s buttocks and privates. This sexual harassment and bullying behavior occurred multiple times on a daily basis over a period of several months.

10. R. F. quickly became depressed and anxious about attending school as a result of the bullying and sexual harassment. He expressed fear about attending school and began throwing up every day. R. F. stopped socializing with other children at school and did not participate in recess or lunch activities. He was unable to concentrate on his schoolwork and did not want to continue attending school.

11. Concerned about her son, but not knowing exactly what the source of his problem was, plaintiff took R. F. for psychological counseling.

12. The sexual harassment of R. F. was so severe, pervasive, and objectively oppressive that it deprived R. F. of access to and the benefits of the educational opportunities provided by Dove Science Academy.

13. Teachers and administrators working at Dove Science Academy knew or reasonably should have known that R. F. was being subjected to severe and pervasive sexual harassment and bullying by other students. These teachers and administrators, all of whom were in a position to stop or curtail the harassment, either failed or unreasonably delayed in taking actions to curtail or stop the harassment, and were thereby deliberately indifferent to the safety, well-being, and educational benefit of R. F. These teachers and administrators were, at all times relevant to this petition, employees of the defendant and acting within the scope of their employment.

14. As a result of defendant's inaction in curtailing or stopping the bullying and sexual harassment of her child at Dove Science Academy, plaintiff was forced to remove her child from Dove for his protection.

15. Defendant has a duty to exercise reasonable care in the protection of its students from bullying and sexual harassment by other students.

16. Teachers and administrators employed by the defendant knew or reasonably should have known that R. F. was being bullied and sexually harassed by other students at Dove Science Academy.

17. Defendant breached its duty of reasonable care by failing or unreasonably delaying to take reasonable actions to stop or curtail the bullying and sexual harassment of R. F., and thereby was negligent in a way that caused harm to R. F. and the plaintiff.

18. Defendant's deliberate indifference to sexual harassment that caused R. F. to be denied access to and the benefit of an education at Dove Science Academy constitutes unlawful sex discrimination in violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. §1681.

19. As a result of the defendant's unlawful sex discrimination and/or the negligence of its employees, R. F. has been denied access to and the benefits of the educational opportunities provided by Dove Science Academy. Additionally, R. F. has suffered severe emotional distress and related physical illnesses, and plaintiff has incurred medical expenses on behalf of her child.

WHEREFORE, plaintiff requests judgment against the defendant as follows:

  A. A declaration that defendant's conduct as alleged herein constituted unlawful sex discrimination in violation of Title IX of the Education Amendments Act of 1972.

  B. Compensatory damages for medical expenses, pain and suffering, emotional distress, and mental anguish in an amount in excess of $10,000.00.

  C. An award of costs and reasonable attorney's fees.

  D. All such other and further relief as the Court may deem just and equitable.

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED

Steven A. Novick, OBA #6723
Council Oak Center
1717 S. Cheyenne Avenue
Tulsa, Oklahoma 74119
Tel 918-582-4441
Fax 918-582-7830

*Attorney for Plaintiff*